UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X

NY Metro Radio Korea, Inc.,

                Plaintiff,          CV-07-4123
                                                        (CPS)(VVP)
    - against -

Korea Radio USA, Inc.                 MEMORANDUM OPINION
                                                  AND ORDER
                Defendant.

----------------------------------------X

SIFTON, Senior Judge.

     Plaintiff NY Metro Radio Korea, Inc. ("Metro Radio") d/b/a NY Radio Korea, commenced this action against defendant Korea Radio USA, Inc. ("Korea Radio") d/b/a Radio Korea on October 2, 2007, seeking declaratory relief pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57.[1]  Plaintiff seeks a declaratory judgment that (1) the use of the words "Radio Korea" in the operation of its business does not constitute an

---

[1] 28 U.S.C. § 2201(a) states in relevant part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

Federal Rule of Civil Procedure 57 states:

> These rules govern the procedure for obtaining a declaratory judgment under 28 U.S.C. § 2201. Rules 38 and 39 govern a demand for a jury trial. The existence of another adequate remedy does not preclude a declaratory judgment that is otherwise appropriate. The court may order a speedy hearing of a declaratory-judgment action.

F.R.C.P. 57.

infringement of defendant's trademarks or copyrights, dilution of defendant's trademarks, unfair competition or misappropriation in violation of 15 U.S.C. § 1114, *et seq.*, and other unspecified federal or state laws; and (2) plaintiff is not liable to defendant for trademark infringement, copyright infringement, trademark dilution, unfair competition, or other claims arising out of plaintiff's conduct of business as NY Radio Korea.  On November 13, 2007, Korea Radio filed a separate action against Metro Radio in United States District Court, Central District of California, alleging trademark infringement pursuant to the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and state and common law claims for trademark and trade name infringement, breach of contract, and unfair competition.  Now before the Court is Korea Radio's motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3), stay the proceedings pending resolution of the action filed in the Central District of California, or in the alternative, transfer venue to the Central District of California.  For the reasons stated below, defendant Korea Radio's motion to dismiss is granted.

**BACKGROUND**

The following facts are drawn from the pleadings and the parties' submissions in connection with this motion.  Disputes are noted.

Plaintiff Metro Radio is a New York corporation, doing

business as NY Radio Korea.  Metro Radio operates a radio station broadcasting Korean-language radio programs in New York, New Jersey, and Connecticut.  Plaintiff's Complaint [hereinafter "Pl. Compl."], ¶¶ 8-9.  Metro Radio was formed on January 27, 2004 by Young D. Kwon, who serves as the company's president.  Defendant's Exhibit [hereinafter "Def. Exh."] C, attached to Declaration of Phill Sohn [hereinafter "Sohn Decl."]; Young D. Kwon Affidavit [hereinafter "Kwon Aff."] ¶ 4. Prior to incorporating Metro Radio, Mr. Kwon operated Radio Seoul, which also broadcasted Korean-language radio programs in the New York tri-state area.  Kwon Aff. ¶¶ 2,5.

Defendant Korea Radio operates a radio station broadcasting Korean-language radio programs in Los Angeles.  Phill Sohn is the Chief Executive Officer of Korea Radio.  Sohn Decl. ¶ 1. Defendant has reporters in Seoul, Korea, Washington, D.C., New York, and Los Angeles, and licenses programs to radio stations across the country, including affiliates in Alaska, Atlanta, Chicago, Dallas, Philadelphia, Las Vegas, and Virginia.  *Id.* ¶ 9. Defendant also broadcasts its programs through Sirius, a satellite radio platform, which reaches audiences throughout the United States.  *Id.*; Complaint filed in Central District of California [hereinafter "CA Complaint"], ¶¶ 32, 33, Def. Exh. 1. Korea Radio is the owner of the trademarks "Radio Korea" and "Radio Korea U.S.A." both of which were registered with the

United States Patent and Trademark Office in 1997. Def. Exh. A, attached to Sohn Decl.

The parties commenced business dealings with each other at the end of January 2004. Kwon Aff. ¶ 7; Sohn Decl. ¶¶ 13-14. They dispute whether they entered into an oral agreement at the end of January 2004 with respect to the licensing of the mark "Radio Korea." Kwon Aff. ¶ 14; Sohn Decl. ¶¶ 14-15. Plaintiff states that "Radio Korea" is a generic name that was chosen independently of its dealings with defendant. *Id.* ¶ 5.

On February 19, 2004, the parties entered into a written contract, called the "Agreement on Supplying Broadcasting Program to North American Region" (hereinafter "2004 Agreement"). The contract was drafted in Korean and signed by Kwon on behalf of "New York Radio Korea" and Sohn on behalf of "Korea Radio, Inc."[2] Def. Exh. F, attached to Sohn Decl.

The 2004 Agreement includes a forum selection clause stating: "When a dispute arises regarding this agreement, 'A' [Korea Radio] and 'B' [Metro Radio] shall make efforts to resolve the issue based on mutual trust, and when it is difficult to resolve the issue, disputes shall be resolved at the CALIFORNIA court of jurisdiction." Article 10, 2004 Agreement, Def. Exh. 1.

Pursuant to the 2004 Agreement, defendant provided a one

---

[2] Defendant has submitted a translation of the 2004 Agreement, translated by a California state certified court interpreter. Def. Exh. F, attached to Sohn Decl.

hour program, "Park Il Mu," for broadcast six days a week, for the price of $600 per month to plaintiff.  Pl. Compl. ¶ 14; Kwon Decl. ¶ 12; Sohn Decl. ¶ 22.

On December 13, 2006, the parties entered into a "Non-Disclosure and Non-Circumvent Agreement" in connection with their discussion of a potential merger.  Kwon Aff. ¶ 15; Sohn Decl. ¶ 26.  In early 2007, Sohn and Kwon met in New York to discuss the potential merger and exchanged financial information.  Pl. Compl. ¶ 14; Kwon Aff. ¶ 16.  Following the meeting, discussions took place over the phone, but the merger did not take place. Kwon Aff. ¶ 17.

In July 2007, Kwon called Sohn to inform Korea Radio that JBC, an affiliate of Korean media company, Korea Daily News, which broadcasts a Korean language radio program in Los Angeles, had approached Metro Radio to assist with Metro Radio's programming.  Pl. Compl. ¶¶ 18, 21; Kwon Aff. ¶ 22. Defendant states that during this conversation, plaintiff was informed that it could have business dealings with JBC, but that it could not use the Radio Korea mark or programming.  Sohn Decl. ¶ 29.

On August 1, 2007, defendant sent a cease and desist letter to plaintiff providing a 60 day notice of termination of Metro Radio's use of Korea Radio's programs and use of the "Radio Korea" and "Radio Korea U.S.A." marks.  Pl. Compl. ¶ 23.  Korea Radio informed Metro Radio that use of defendant's marks and

programming would be in violation of the "licensing agreement" as well as Korea Radio's intellectual property rights. Defendant's Cease and Desist Letter, dated August 1, 2007, attached to Def. Exh. 1. According to plaintiff, the licensing agreement referenced in the cease and desist letter is the 2004 Agreement. Pl. Compl. ¶ 24. Prior to the cease and desist letter, defendant had not questioned plaintiff's use of the "Radio Korea" mark. *Id.* ¶¶ 25, 45.

On September 27, 2007, plaintiff, through counsel, informed defendant's counsel that plaintiff was no longer interested in the Park Mu Il program as of October 1, 2007. Declaration of Ginam Lee ¶ 10.

On October 1, 2007, plaintiff filed the instant action in the Eastern District of New York.

On November 13, 2007, defendant filed a parallel action against Metro Radio in United States District Court, Central District of California, alleging trademark infringement pursuant to the Lanham Act, 15 U.S.C. § 1051, *et seq.*, and state and common law claims for trademark and trade name infringement, breach of contract, and unfair competition. CA Complaint, Def. Exh. 1.

**DISCUSSION**

*Motion to Dismiss for Improper Venue*

Defendant moves for dismissal based on improper venue

pursuant to Federal Rule of Civil Procedure 12(b)(3). When considering a Rule 12(b)(3) motion, the Court must accept the facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Central National-Gottesman, Inc. v. M.V. "GERTRUDE OLDENDORF"*, 204 F.Supp.2d 675, 677 (S.D.N.Y. 2002) (citation omitted). Materials outside of the pleadings may also be considered when adjudicating a Rule 12(b)(3) motion. *Brennan v. Phyto-Riker Pharmaceuticals, Ltd.*, 2002 WL 1349742, at *1 n. 2 (S.D.N.Y. 2002). Plaintiff bears the burden of showing that venue is proper. *Central National-Gottesman*, 204 F.Supp.2d at 677 (internal citation omitted). If venue is improper, the Court shall dismiss the action, or if it is in the interest of justice, transfer the case to a district in which it could have been brought. 28 U.S.C. § 1406(a). "Whether dismissal or transfer is appropriate lies within the sound discretion of the district court." *Minnette v. Time Warner*, 997 F.2d 1023, 1026 (2d Cir. 1993).

Defendant argues that California is the proper venue for plaintiff's action because the forum selection clause in the 2004 Agreement obligates plaintiff to file all claims in California.

A four-part analysis is necessary in order to determine whether the 2004 Agreement's forum selection clause is enforceable. The four issues are: (1) ". . . whether the clause was reasonably communicated to the party resisting enforcement."

*Phillips v. Audio Active Ltd.*, 494 F.3d 378, 383 (2d Cir. 2007)(citation omitted); (2) whether the clause is mandatory or permissive, ". . . i.e., whether the parties are required to bring any dispute to the designated forum or simply permitted to do so." *Id.*; (3) ". . . whether the claims and parties involved in the suit are subject to the forum selection clause." *Id.*; (4) ". . . whether the resisting party has rebutted the presumption of enforceability by making a sufficiently strong showing that 'enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *Id.* at 383-384 (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)).

Here, plaintiff does not challenge the defendant's communication of the forum selection clause to it nor does the record support a finding that the clause was not reasonably communicated. With regard to the second issue, Article 10 of the 2004 Agreement states: "When a dispute arises regarding this agreement, 'A' [Korea Radio] and 'B' [Metro Radio] shall make efforts to resolve the issue based on mutual trust, and when it is difficult to resolve the issue, disputes shall be resolved at the CALIFORNIA court of jurisdiction." Article 10, 2004 Agreement, Def. Exh. 1. The use of the word "shall" supports the conclusion that the clause is mandatory, rather than permissive in nature. The language of the forum selection clause reflects

the parties' intent to adjudicate disputes regarding the 2004 Agreement in California. *See John Boutari & Son v. Attiki Importers & Distributors Inc.*, 22 F.3d 51, 53 (2d Cir. 1994).

I next consider whether plaintiff's claim for declaratory relief constitutes a dispute regarding the 2004 Agreement. *See Roby v. Corp. of Lloyd's,* 996 F.2d 1353, 1361 (2d Cir. 1993)("if the *substance* of their claims, stripped of their labels, does not fall within the scope of the [forum selection] clauses, the clauses cannot apply.")

Article 4.6 of the 2004 Agreement states: "'B' [Metro Radio] shall have mutual discussion about changing the name of the broadcasting station to 'Radio Korea' as used by 'A' [Korea Radio] as soon as possible." Article 4.6, 2004 Agreement, Def. Exh. 1. Reading Article 4.6 and Article 10 together supports the conclusion that the 2004 Agreement forum selection clause should be broadly construed and encompasses disputes *regarding* the use of the 'Radio Korea' name. *See Gessler-J.A. v. Sobieski Destylarnia S.A.*, 2007 WL 1295671 (S.D.N.Y. 2007), *but cf. Light v. Taylor*, 2007 WL 274798 (S.D.N.Y. 2007).

Had plaintiff used the "Radio Korea" name in the absence of the 2004 Agreement, plaintiff's action would be considered an intellectual property dispute. Plaintiff, however, filed this claim in response to defendant's cease and desist letter, in which defendant asserted its rights to the "Radio Korea" mark

under the 2004 Agreement. Because the Court's determination of the rights and duties of the parties will depend on the interpretation of the 2004 Agreement, plaintiff's lawsuit constitutes a dispute regarding that contract. *See Cuno v. Hayward Industrial Products, Inc.*, 2005 WL 1123877 (S.D.N.Y. 2005); *see also Anselmo v. Univision Station Group, Inc.*, 1993 WL 17173, at *2 (S.D.N.Y. 1993)(a forum selection clause "cannot be defeated by artful pleading of claims not based on the contract containing the clause if those claims grow out of the contractual relationship, or if the 'gist' of those claims is a breach of that relationship")(quoting *Bense v. Interstate Battery Sys.*, 683 F.2d 718, 720 (2d Cir. 1982)). Accordingly, plaintiff's claims for declaratory relief fall within the scope of the 2004 Agreement.

Turning to the fourth and final step of the analysis, in order to overcome the presumption of enforceability, plaintiff must make "a sufficiently strong showing that 'enforcement would be unreasonable or unjust, or that the clause was invalid for such reasons as fraud or overreaching.'" *Phillips,* 494 F.3d at 383-384 (quoting *M/S Bremen*, 407 U.S. at 15). Here, plaintiff does not argue that enforcement of the clause would be unjust or unreasonable, nor does plaintiff offer evidence of fraud. Accordingly, the 2004 Agreement's forum selection clause is

enforceable.[3]

Having decided that the forum selection clause applies to the instant action, I next address the issue of whether this action should be dismissed or transferred.  Dismissal is appropriate because the pending action in the Central District of California will give Metro Radio "every opportunity to protect and vindicate the rights it sought adjudicated in the instant action."  *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F.Supp. 128, 136 (S.D.N.Y. 1994).  Accordingly, defendant's motion to dismiss is granted.

## CONCLUSION

For the reasons set forth above, defendant's motion to dismiss is granted.  The Clerk is directed to transmit a copy of the within to the parties and to the Magistrate Judge.

SO ORDERED.

Dated:     Brooklyn, NY
           January 18, 2008


                    By:  /s/ Charles P. Sifton (electronically signed)
                                        United States District Judge

---

[3] Because the forum selection clause applies to the instant action, I do not consider defendant's arguments that plaintiff's filing of this action constitutes forum shopping and an improper anticipatory filing, or that the balance of the conveniences favors defendant's second filed action.